UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CLIFFORD AND IMANI PEARSON**,
1424 Juniper St NW
Washington, DC 20012

    *Plaintiffs,*

  v.

**SUNNOVA ENERGY INTERNATIONAL,**
24 E. Greenway Plaza, Suite 1515
Houston, TX 77046

**SUSTAINABLE ENERGY SYSTEMS,**
4509 Metropolitan Court
Frederick, MD 21704

**PURE SOLAR SYSTEMS,**
1801 McCormick Drive
Largo, MD 20774

**ZAYN BRADLEY,**
1111 Bennie Duncan Road
Frederick, MD 21701

**GREG FLOYD,**
1801 McCormick Drive
Largo, MD 20774

    and

**ORONDE WRIGHT,**
1236 Atlantic Ave, Unit 211
Brooklyn, NY 11216

    *Defendants.*

Case No.: _____

## DEFENDANT SUNNOVA ENERGY CORPORATION'S NOTICE OF REMOVAL

Defendant Sunnova Energy Corporation, incorrectly identified as "Sunnova Energy International" ("**Sunnova**"), by and through its undersigned counsel, and pursuant to 28 U.S.C.

§§ 1332 and 1441, hereby submits this Notice of Removal, removing the above-captioned matter pending in the Superior Court of the District of Columbia, Civil Division, Civil Action No. 2024-CAB-005477 and in support of this Notice, states as follows:

1. On August 20, 2024, Plaintiffs filed a Complaint against Defendants Sunnova, Sustainable Energy Systems ("**Sustainable**"), Pure Solar Systems ("**Pure Solar**"), Zayn Bradley ("**Bradley**"), Greg Floyd ("**Floyd**"), and Oronde Wright ("**Wright**") styled *Clifford Pearson, et al. v. Sunnova Energy International, et al.*, Civil Action No. 2024-CAB-005477, in the Superior Court of the District of Columbia, Civil Division ("**State Court Action**"). Attached as **Exhibit A** is a copy of the Complaint.

2. Plaintiffs' claims arise out of an alleged breach of contract relating to the installation of a solar panel system at Plaintiffs' residence in 2023. The Complaint asserts a single claim for breach of contract against the Defendants and seeks over $100,000 in damages.

3. As demonstrated below, the case is properly removable pursuant to 28 U.S.C. §§ 1332 and 1441(a) because complete diversity of citizenship exists between Plaintiffs and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**GROUNDS FOR REMOVAL**

4. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending[.]" A defendant seeking to remove a case to federal court must file in that court a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "By design, § 1446(a) tracks the general pleading requirement stated in

Rule 8(a) of the Federal Rules of Civil Procedure." *Dart*, 574 U.S. at 87. "No evidentiary support is required, and the Court should accept a defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 540 (D.N.J. 2020) citing *Dart*, 574 U.S. at 84.

5.  This case is a civil action within the meaning of 28 U.S.C. § 1441, and this court has original jurisdiction over this action under 28 U.S.C. § 1332 because (a) there is complete diversity between and among the parties; (b) Sunnova and the other Defendants are not citizens of the District of Columbia for the purposes of diversity jurisdiction, but Plaintiffs are; and (c) the amount in controversy for the Complaint exceeds $75,000.

6.  Therefore, this action could have originally been filed in this Court and may be properly removed to this Court. *See* 28 U.S.C. § 1441

**<u>Citizenship of the Parties</u>**

7.  Plaintiffs admit that they are citizens of and have resided in the District of Colombia at all relevant times. Plaintiffs are thus citizens of the District of Columbia for diversity jurisdiction purposes.

8.  Sunnova is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Texas. Sunnova is thus a citizen of the State of Texas for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1).

9.  Upon reasonable inquiry into the facts alleged in the Complaint, each of the remaining Defendants is a citizen of a state other than the District of Columbia.

   a.  Sustainable is a Maryland limited liability company that maintains its principal place of business at 4509 Metropolitan Ct., Frederick, MD 21704.

   b. Pure Solar is a Maryland limited liability company that maintains its principal place of business at 8810 Gladeside Dr., Clinton, MD 20735.

   c. Bradley is an individual, who upon information and belief, and the facts alleged in the Complaint, resides at 1111 Bennie Duncan Road, Frederick, MD 21701. Thus, Defendant Bradley is a citizen of Maryland.

   d. Floyd is an individual, who upon information and belief, and the facts alleged in the Complaint, resides at 1801 McCormick Drive, Largo, MD 20774. Thus, Defendant Floyd is a citizen of Maryland.

   e. Wright is an individual, who upon information and belief, and the facts alleged in the Complaint, resides at 1236 Atlantic Ave, Unit 211, Brooklyn, NY 11216. Thus, Defendant Wright is a citizen of New York.

   f. There are no other parties to this action. Therefore, all parties to this action are citizens of different states and diverse pursuant to 28 U.S.C. § 1332.

**Amount in Controversy**

10. For federal diversity jurisdiction to exist, the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

11. Plaintiffs allege in the Complaint that the matter in controversy exceeds the $75,000 amount in controversy requirement for diversity jurisdiction purposes under 28 U.S.C. § 1332(a). Specifically, Plaintiffs seek damages in the amount of $105,000, relating to (a) a complete roof replacement, (b) property repairs caused by water intrusion, (c) loss of solar credits and utility reduction guaranteed by the contract, and (d) unpaid referral fees. (Ex. A, Compl., p. 2).

## REMOVAL IS PROCEDURALLY PROPER

12. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Superior Court of the District of Columbia, the forum in which the removed State Court Action was pending.

13. This Notice is timely because it has been filed within the time period set forth in 28 U.S.C. § 1446(b)(1). Sunnova was served with process on January 15, 2025, and this Notice was filed less than 30 days thereafter.

14. Upon information and belief, and a reasonable review of the current docket in the State Court Action, no other Defendant has been properly served as of the date of this Notice, and no other Defendant has filed an Answer or entered an appearance in the State Court Action. According to the docket in the State Court Action, on December 13, 2024, Plaintiff was ordered to complete service of Defendants by February 13, 2025.

15. In filing this Notice of Removal, Sunnova does not waive, but instead specifically reserves, all defenses, objections, motions, or exceptions available to it under applicable law. In particular, Sunnova expressly reserves the right to move for dismissal pursuant to any ground set forth under Rule 12 of the Federal Rules of Civil Procedure. No statement herein or omission should be deemed to constitute an admission by Sunnova of any allegation set forth in the Complaint or damages sought therein.

16. Contemporaneously filed herewith are copies of all "process, pleadings and orders" received by Sunnova or filed in the State Court Action is attached hereto as **Exhibit B**. *See* 28 U.S.C. § 1446(a).

17. Pursuant to 28 U.S.C. § 1446(d), a copy of the filing of this Notice of Removal will be promptly filed with the clerk of the court for the Superior Court of the District of Columbia,

Civil Division, and served upon all parties. A true copy of such written Notice of Filing of Notice of Removal (without exhibits) is attached as **Exhibit C**.

WHEREFORE, having satisfied all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including the presence of all jurisdictional requirements established by 28 U.S.C. § 1332, Defendant Sunnova Energy Corporation respectfully serves notice that the above-referenced civil action, now pending in the Superior Court of the District of Columbia, Civil Division is removed therefrom to the United States District Court for the District of Columbia.

Dated: January 28, 2025                                  Respectfully submitted,

/s/ *Brian L. Moffet*
Brian L. Moffet (Fed. Bar No. 13821)
**MILES & STOCKBRIDGE, P.C.**
100 Light Street
Baltimore, Maryland 21202
410-385-3656
Email: bmoffet@milesstockbridge.com

*Counsel for Defendant Sunnova Energy Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of January 2025, I caused the foregoing Notice of Removal to be sent via first-class mail, postage pre-paid, to:

Clifford and Imani Pearson
1424 Juniper St NW
Washington, DC 20012
*Plaintiffs, pro se*

Sustainable Energy Systems
c/o Roland Belles, III (resident agent)
4509 Metropolitan Ct., Unit H
Frederick, MD 21704
*Co-Defendant*

Pure Solar Systems
c/o Greg Floyd (resident agent)
8810 Gladeside Dr.
Clinton, MD 20735
*Co-Defendant*

Zayn Bradley
1111 Bennie Duncan Road
Frederick, MD 21701
*Co-Defendant*

Greg Floyd
1801 McCormick drive
Largo, MD 20774
*Co-Defendant*

Oronde Wright
1236 Atlantic Ave, unit 211
Brooklyn, NY 11216
*Co-Defendant*

/s/ *Brian L. Moffet*
Brian L. Moffet (Federal Bar No. 13821)